Roger **BENSON** and Sheri Benson, Plaintiffs,

v.

**CONTINENTAL INSURANCE COMPANY** and **Omni Financial Services, L.L.C. d/b/a Omni Financial & Insurance Services, L.L.C.,** Defendants.

No. CIV.A. 5:00–0863.

United States District Court, S.D. West Virginia, Beckley Division.

Nov. 16, 2000.

Anthony M. Salvatore, Ralph C. Young, Hamilton, Burgess, Young & Pollard, Fayetteville, WV, for Plaintiffs.

Tanya M. Kesner, Kesner, Kesner & Bramble, Charleston, WV, for Defendant Continental Insurance Company.

Christopher P. Bastien, Ellis L. Bennett, Bastien & Martin, Charleston, WV, for Defendant Indigo Financial Services.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending are 1) Plaintiffs' motion to remand this action to the Circuit Court of Raleigh County, West Virginia, and 2) Indigo Financial Services' motion to dismiss for failure to state a claim for which relief can be granted. Because Plaintiffs filed a Notice of Dismissal against the previously named Defendant Indigo Financial Services, a notice which was attached to Plaintiffs' Second Amended Complaint, filed in Raleigh County prior to removal, the Court GRANTS the second motion and dismisses the Complaint as to Indigo Financial Services and, for reasons discussed below, Omni Financial Services, L.L.C., the recently substituted Defendant. Plaintiffs' motion to remand is DENIED, as well.

## I. FACTUAL AND PROCEDURAL BACKGROUND

As alleged in the Second Amended Complaint, Plaintiffs bought a homeowner's insurance policy from Defendant Continental Insurance Company (Continental) through its agent, Defendant Omni Financial Services (Omni). The policy insured their home from risks including loss by fire, for total limits of one hundred fifty-six thousand dollars ($156,000). On May 21, 2000 the house was destroyed by fire. Plaintiffs allege Continental refused to pay their claims for ·the loss. · They further allege Continental and Omni fraudulently represented to Plaintiffs they must renew their homeowner's policy after the home was destroyed to avoid forfeiting their pending claim for insurance proceeds.

This action was commenced on August 8, 2000, naming as defendants Continental and Indigo. Defendants were served through the Secretary of State on August 14, 2000. On September 12, 2000 Plaintiffs filed the Second Amended Complaint naming as defendants Continental and Omni. According to Plaintiffs' motion to remand, Omni was substituted for Indigo as the proper defendant which, acting as Continental's agent, sold the subject insurance policy.[1] On September 13, 2000 Continental and Indigo removed the action based on diversity jurisdiction. Plaintiffs, West Virginia residents, moved to remand because Omni is also a West Virginia resident corporation and did not consent to removal. Defendants counter Omni, or any agent of Continental, was fraudulently joined and must be dismissed, leaving only Continental, completely diverse to Plaintiffs.

## II. DISCUSSION

Any civil action brought in state court may be removed if the district court has original jurisdiction over the action. 28 U.S.C. § 1441(a). District courts have original jurisdiction of all civil actions "where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states. 28 U.S.C. § 1332(a)(1). Although Omni is a West Virginia citizen, Continental argues Omni (or any agent of Continental) was fraudulently joined and must be dismissed as a defendant, leaving only Continental, an Illinois citizen.

■ Fraudulent joinder requires neither fraud nor joinder. It is "a term of art [which] does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against [a] nondiverse defendant, or in fact no cause of action exists."[2] *AIDS Counseling and*

---

1. In its motion to dismiss, Indigo represents that Omni sold its book of business and the right to use its trade name to Hunt & Associates Insurance Agency, Inc. Indigo Mot. to Dismiss ¶ 7. Therefore, like Indigo, Omni also was not Continental's agent in its transaction with Plaintiffs. Nonetheless, it is irrelevant to the issue at hand which business entity is identified as Continental's agent.

2. Fraudulent joinder may also be established where "there has been outright fraud in the

*Testing Centers v. Group W Television, Inc.,* 903 F.2d 1000, 1003 (4th Cir.1990). "The party alleging fraudulent joinder bears a heavy burden—it must show that the plaintiff cannot establish a claim even after resolving all issues of law and fact in the plaintiff's favor." *Hartley v. CSX Transp., Inc.,* 187 F.3d 422, 423 (4th Cir. 1999).

In this action, Plaintiffs named Continental as the party who sold them the insurance policy "through its agent, Defendant Indigo" (and now substitute "its agent, Defendant Omni"). Compl. ¶ 4; Am. Compl. ¶ 4. Indeed Plaintiffs allege Indigo (and now Omni) "was at all times relevant the agent of Defendant Continental ." Compl. ¶ 3; Am. Compl. ¶ 3. As a general rule, "[w]here the agent is the agent of the insurer, acts within the scope of his authority, and his principal is disclosed, he is not liable to the insured either in contract or in tort." 43 Am.Jur.2d, *Insurance* § 138. West Virginia law specifically establishes a person who solicits an application for insurance is the agent of the insurer, not the insured. *See* W. Va. Code § 33–12–23. Additionally, an agent or broker has personal liability exposure on an insurance contract only where the insurer is not licensed to transact insurance in this state. *See id.* § 33–12–21. Plaintiffs do not allege Continental is not licensed to do business in West Virginia.

In this action, Omni is named explicitly as the agent of Continental. There is no allegation Continental was an undisclosed principal in the Plaintiffs' insurance purchase, but rather the Complaint clearly states Omni acted as Continental's agent. Nor is there an allegation that, in making representations or misrepresentations about policy renewal and its relation to collecting claimed insurance proceeds, Omni was acting outside the scope of its authority as Continental's agent. Consequently, Omni would not be liable in contract or tort to the insured Plaintiffs under West Virginia law. There is no reasonable basis for predicting state law might impose liability on the West Virginia defendant Omni on the facts involved here.

For these reasons, the Court finds and concludes Plaintiffs have failed to state a claim for relief against Continental's West Virginia authorized agent, be it Indigo, Omni, or Hunt & Associates. Pursuant to *Rule* 12(b)(6) of the *Federal Rules of Civil Procedure,* the Court **DISMISSES** the claim against Defendant Omni in this action for failure to state a claim upon which relief can be granted. Accordingly, this Court has diversity jurisdiction over this matter. Plaintiffs' motion for remand is **DENIED.**

### III. CONCLUSION

Defendant Indigo's motion to dismiss is **GRANTED.** Plaintiffs' claim against Omni acting as Continental's agent is **DISMISSED** with prejudice. Plaintiffs' motion to remand is **DENIED.**

The Clerk is directed to send a copy of this Order to counsel of record and post this opinion at www.wvsd.uscourts.gov.

---

plaintiff's pleading of jurisdictional facts." *Mayes v. Rapoport,* 198 F.3d 457, 464 (4th Cir.1999) (citations omitted). Continental alleges no fraud in Plaintiffs' pleadings.